IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MECHARDO BARNETT,

     Petitioner,

v.                                          Civ. No. 26-1122 KG-JHR

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, U.S. Department
Of Homeland Security; AND U.S. Attorney General,

     Respondents,[1]

## ORDER DIRECTING AMENDMENT

This matter comes before the Court on the *pro se* Letter Regarding 28 U.S.C. § 2241 Exhibits. (Doc. 1) (Letter-Petition). Petitioner is an immigration detainee at the Otero County Processing Center. The Letter-Petition includes a cover page that states: "This is some of my evidence I submit[ed] to the Immigration Court, attached … to support my Petition [for] Writ of Habeas Corpus Under 28 U.S.C. § 2241." (Doc. 1) at 1. The Letter-Petition goes on to attach various briefs and exhibits from the Immigration Court. *Id.* at 2-80. Petitioner does not raise substantive claims under Section 2241 or explain why his detention violates federal law.

On this record, the Court cannot adequately review or discern the scope of Petitioner's

---

[1] The Court will add the above-mentioned parties as Respondents in this case. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case). A231946736

filing.    It is not clear whether Petitioner raises a claim based on the failure to provide due process pending a final removal decision under 8 U.S.C. § 1226; the failure to timely effectuate a removal order; or some other theory.    The Court will therefore require Petitioner to file an amended § 2241 petition within twenty-one (21) days of entry of this Order.    The amendment should specify when Petitioner entered the United States; what process (bond hearings, removal hearings, etc.) he received so far; the outcome of those proceedings; and whether/when the Immigration Court entered a removal order or denied bond.    By the same deadline, Petitioner shall pay the $5.00 filing fee or file a motion to proceed *in forma pauperis.*    The failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice to refiling.

IT IS ORDERED:

1.    Within twenty-one (21) days of entry of this Order, Petitioner shall: (a) file an amended § 2241 petition as set forth above; and (b) pay the $5.00 filing fee or, alternatively, file a motion to proceed *in forma pauperis*.

2.    The Clerk's Office shall update the case caption to match the party Respondents added/substituted via this Order and mail Petitioner a blank Section 2241 petition and a blank *in forma pauperis* motion.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.