IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MECHARDO BARNETT,

    Petitioner,

v.                                      No. 2:26-cv-01122-KG-JHR

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Mechardo Barnett's Amended Petition for a Writ of

Habeas Corpus, Doc. 3, and the Government's Motion to Dismiss, Doc. 9. Petitioner proceeds

pro se. Doc. 3 at 1. For the reasons below, the Court dismisses the petition without prejudice.

*I.*    *Background*

Petitioner, a native and citizen of Jamaica, entered the United States in 2020 on a

temporary visa. Doc. 9-1 at 1. Prior to his detention, he resided with his United States citizen

spouse. Doc. 3 at 17. Petitioner alleges that, over three years, his spouse abused him

emotionally, physically, and sexually. *Id.* at 17–19.

On February 8, 2025, local law enforcement arrested Petitioner for battery in a domestic

dispute and transferred him to Immigration and Customs Enforcement ("ICE") custody. Doc. 9-

2 at 2–3. An immigration judge ("IJ") denied his request for a change in custody status, finding

him a "danger to the community due to his recent domestic violence investigation" and "a flight

risk due to his limited sponsor financial information." Doc. 9-3 at 1. Petitioner's motion to

reconsider the IJ's bond determination was dismissed as untimely. Doc. 9 at 2.

On June 25, 2025, an IJ granted Petitioner Special Rule Cancellation of Removal under 8

U.S.C. § 1229b, concluding that he satisfied the statute's requirements—that he was subjected to abuse by a U.S. citizen spouse and would face extreme hardship if removed.  Doc. 9-4 at 2; *see also* § 1229b.  On appeal, the Board of Immigration Appeals ("BIA") remanded the decision, concluding that the IJ had not made sufficient factual findings.  Doc. 9-7 at 3–4.

On February 23, 2026, on remand, the IJ again granted Petitioner Special Rule Cancellation of Removal.  *See* Doc. 9-8.  The Government's appeal of that decision remains pending before the BIA.  Doc. 9 at 2.

Petitioner has been detained at the Otero County Processing Center in Chaparral, New Mexico, for approximately one year and three weeks.  Doc. 3 at 1.  He argues that his prolonged detention without a bond hearing violates due process, and that his removal is not imminent.  *Id.* He also asserts that he is suffering medical hardship due to inadequate care for a back injury.  *Id.*

The Government opposes the petition.  *See* Doc. 9.  It claims that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), that Petitioner "was provided a bond hearing," and that this Court lacks jurisdiction to review the IJ's bond determination.  *Id.* at 3–4.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Section § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under § 1226(a) are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).  Section

1226(a) continues to govern detention until the IJ's order becomes administratively final.  An order becomes administratively final only upon the completion of administrative review—either when the time to appeal expires or when the BIA dismisses the appeal.  *See* 8 C.F.R. § 1241.1(a).

District courts lack jurisdiction to review an IJ's bond determination under § 1226(a).  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review.").  But district courts do have "jurisdiction under [§ 2241] to consider any error of law in [Petitioner's] agency proceedings, including any claimed due process violation."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022).

### III.    *Analysis*

Petitioner's detention under § 1226(a) is lawful.  At his custody redetermination hearing, the Immigration Judge ("IJ") considered the record and concluded that Petitioner failed to demonstrate that he is neither a danger to the community nor a flight risk.  *See* Doc. 9-3.  The IJ denied relief because of Petitioner's recent "domestic violence investigation" and "limited sponsor financial information."  *Id.* at 1.  Nothing in the record suggests that the hearing was procedurally deficient.  Accordingly, the Court is satisfied that Petitioner received the process required under § 1226(a).  The Court's review is limited to whether those procedures were afforded; it does not extend to reweighing the evidence or revisiting the IJ's discretionary bond determination.  *See* § 1226(e).  Petitioner may challenge the merits of the IJ's custody determination through the administrative review process—specifically, through the BIA.

Petitioner argues that he is nonetheless entitled to habeas relief because an IJ has granted him Special Rule Cancellation of Removal under § 1229b.  Doc. 1 at 1.  That decision, however, is not administratively final because it remains subject to the Government's pending appeal.  *See*

Doc. 9 at 2.  Until the administrative process is complete, Petitioner remains in removal proceedings, and his detention is governed § 1226(a).  *See* 8 C.F.R. § 1241.1(a).

Petitioner also argues that he is entitled to relief because his removal is "not imminent" while the Government's appeal remains pending.  Doc. 1 at 1.  This argument invokes the six-month "presumptively reasonable" detention period set forth in *Zadvydas*.  533 U.S. at 701.  But that framework does not govern here.  *Zadvydas* addressed post-removal-order detention of noncitizens who could not be removed in the reasonably foreseeable future.  *Id.*  Detention under § 1226(a) differs from the indefinite detention at issue in *Zadvydas* because it is tied to the completion of removal proceedings.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008).  Those proceedings are "subject to strict procedural rules," providing an "independent, external constraint" that ensures resolution within a reasonable period.  *Id.*  Because Petitioner's removal order remains subject to ongoing administrative review before the BIA, his removal remains reasonably foreseeable.

Finally, Petitioner asserts that he suffers from a back injury and has not received consistent or adequate medical care while in detention.  Doc. 3 at 2.  "Habeas corpus is not an appropriate vehicle to challenge conditions of confinement."  *Friedman v. Anderson*, 249 Fed. Appx 712, 712 (10th Cir. 2007); *see also United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979).  Such claims may be brought in a civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388, 91 (1971).  *Id.*

## IV.    Conclusion

For the reasons above, the Court grants the Government's motion, Doc. 9, and dismisses the habeas petition, Doc. 3, without prejudice.  Petitioner may seek relief again if the circumstances of his detention change.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

5